IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARLENE GOLBE,

       Plaintiff,

v.                                            No. 1:17-cv-00206

UNTIED STATES OF AMERICA and
CODY JACKSON, Individually and
in his Official Capacity,

       Defendants.

# COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

COMES NOW Plaintiff, Darlene Golbe, by and through her attorneys, Guebert Bruckner P.C. (Terry R. Guebert and Robert F. Gentile), and for her Complaint to Recover Damages for Personal Injury states as follows:

### I. Parties, Jurisdiction and Venue

1. Plaintiff Darlene Golbe is a resident of San Juan County, New Mexico.

2. Upon information and belief, Defendant Airman First Class ("AFC") Cody Jackson is a resident of Teec Nos Pos, Arizona.

3. Pursuant to 28 U.S.C. § 2679(d), any action against a federal employee acting within the scope of his office or employment at the time of the incident out of which the claim arose shall be deemed an action against the United States, and the United States shall be substituted as the party defendant.

4. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C §§ 1346(b) and 2671-2680 *et.seq* ("FTCA").

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

6. Venue is proper in this Court.

7. Pursuant to 28 US Code §§ 2401, Plaintiff properly presented her claim, in writing, to the appropriate Federal agency, by registered mail, within the mandated time limits.

## II.  Facts

8. Upon information and belief, AFC Jackson, was an employee of the government acting within the course and scope of his office or employment, during an official recruiting trip for the United States Air Force on the day of the accident.

9. The incident(s) giving rise to the cause of action herein occurred in San Juan County, New Mexico.

10. On April 17, 2014, a dry clear day, at 11:00 a.m., upon information and belief, AFC Jackson, while on a mandatory official recruiting trip for the United States Air Force, was traveling east bound on CR 6100 when he realized he needed to turn around to go westbound.

11. Upon information and belief, AFC Jackson pulled off to the right side of CR 6100, and began to start an illegal U-turn.  As AFC Jackson pulled back onto into the lane of travel, he pulled out directly in front of Plaintiff Golbe, who was traveling east bound on CR 6100.

12. Despite Plaintiff Golbe's attempt to avoid the accident, AFC Jackson's vehicle collided with her, and caused a serious collision.

13. As a result of the collision, Plaintiff Golbe suffered serious debilitating injuries.

### III.  Negligence

14. Plaintiff incorporates by reference the foregoing allegations contained in Paragraphs 1 through 13 pursuant to Rule 1-010(c) NMRA.

15. At all times relevant to the allegations in this Complaint, AFC Jackson owed a duty of care to the Plaintiff to act as a reasonable and prudent motorist.  AFC Jackson breached this duty and was therefore negligent.

16. At the time of the accident, New Mexico had numerous traffic statutes and/or ordinances in effect.

17. AFC Jackson's tortious conduct includes, but is not limited to:

   a. Failing to maintain a proper lookout;

   b. Operating a motor vehicle in a careless and/or reckless manner;

   c. Failing to pay proper attention to the roadway and conditions present while operating a vehicle;

   d. Failing to make a timely application of his brakes; and/or

   e. Failing to take proper evasive action to avoid striking Plaintiff Golbe.

18. AFC Jackson's conduct that breached his duty of care included a high risk of danger and was done with utter indifference to the consequences, which amounts to recklessness as defined by New Mexico law.

19. By doing and/or failing to do the acts described, AFC Jackson was the direct as well as the sole proximate cause and/or a proximate cause of Plaintiff's resultant injuries and damages.

### IV. Negligence *Per Se*

20. Plaintiff realleges Paragraphs 1 through 19 pursuant to 1-010(c) NMRA.

21. At the time of the above referenced event, there were in force and effect certain statutes and ordinances that were violated by AFC Jackson, including but not limited to:

    a. NMSA 1978, § 66-8-113. Reckless driving;

    b. NMSA 1978, § 66-8-114. Careless driving;

    c. NMSA 1978, § 66-7-328. Vehicle approaching or entering intersection; and

    d. NMSA 1978, § 66-7-332.1. Approach of oncoming vehicle; yield right of way.

22. These statutes prohibit certain actions and/or create a standard of conduct when operating a motor vehicle and AFC Jackson's conduct represents an unexcused violation of these standards.

23. Plaintiff belongs to a class of persons to which these statutes were meant to protect, and the harm or injury is generally of the type these statutes seek to prevent.

24. As a direct and proximate cause of AFC Jackson's violations of New Mexico state law, Plaintiff suffered serious injuries, has incurred and will continue to incur substantial medical expenses, has incurred and will continue to incur pain and suffering, has incurred and will continue to incur loss of earnings, and has incurred and will continue to incur substantial loss of enjoyment of life.

## V. Damages

25. As a direct and proximate result of the actions of the Defendants enumerated above, Plaintiff sustained serious personal injuries, which caused or contributed to her pain and suffering. As a direct and proximate result of the actions of the Defendants enumerated above, Plaintiff is entitled to an award of monetary damages for the pain and suffering, the reasonable expenses of necessary medical care and treatment, disfigurement, permanent impairment, loss of enjoyment of life, and other damages available under New Mexico law in an amount to be determined by the Court at trial.

26. The Plaintiff requests a trial by Jury.

WHEREFORE, the Plaintiff requests compensatory and punitive damages, costs, pre and post judgment interest and such other relief as permitted by law against the Defendants.

Respectfully Submitted,

GUEBERT BRUCKNER P.C.

By  */s/ Robert F. Gentile*
    Terry R. Guebert
    Robert F. Gentile
    P.O. Box 93880
    Albuquerque, NM 87199-3880
    (505) 823-2300
    tguebert@guebertlaw.com
    rgentile@guebertlaw.com
    *Attorneys for Plaintiff*

F:\Clients\7100.142cf\Pleadings\Fed Complaint (final).docx/jty